WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Salazar, | No. CV-19-01188-PHX-SRB (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is the "Motion for Sanctions Against Plaintiff's Attorney James M. Cool" (Doc. 77) filed by Defendants City of Phoenix, Jeri Williams, Joseph Yahner, and Anthony Armour (the "Defendants"). After reviewing the parties' briefing (Docs. 77, 83, 87, 96), the Court will grant the Motion (Doc. 77).

On March 23, 2021, the parties deposed witness Christopher Doran via videoconference. (Doc. 77-1). Attorneys Benjamin Rundall, James Cool, and Abbie Godles appeared on behalf of Plaintiff. (*Id.* at 6). Attorney Lori Berke appeared on behalf of Defendants. (*Id.*). During Attorney Rundall's examination of Mr. Doran, Attorney Berke made numerous objections to the form of the questions, asserting that the questions misstated the evidence, misstated the testimony, or assumed facts not in evidence. (*Id.* at 7-14). After Attorney Berke moved to strike Mr. Doran's answer to one of Attorney Rundall's questions as "nonresponsive and on the basis that it assumes facts not in

1  evidence," Attorney Rundall asked to take a break. (*Id.* at 17). The deposition transcript
2  reflects that the parties took a break from 12:19 p.m. to 1:50 p.m. (*Id.*). It is undisputed
3  that during this break, Attorney Rundall asked Attorney Berke to provide legal authority
4  for her objections. (Doc. 77 at 2; Doc. 83 at 3). Attorney Berke states that "co-counsel
5  Jody Corbett then spent an hour researching this issue to locate some authorities confirming
6  that Ms. Berke's objections were proper." (Doc. 77 at 2). Attorney Berke then "spent time
7  reviewing Ms. Corbett's research on this issue and doing her own research on it." (*Id.*).

8        It is undisputed that during the parties' break, Attorney Cool sent Mr. Doran text
9  messages in which Attorney Cool called Ms. Berke a derogatory name and indicated that
10 the purpose for requesting authority for Ms. Berke's objections was to "embarrass her" and
11 "ruin her lunch." (Doc. 77 at 2-3, Doc. 83 at 3, Doc. 96 at 2-3). When the parties went
12 back on the record at 1:50 p.m., Attorney Berke conveyed her research and conclusion that
13 her objections were proper. (Doc. 77-1 at 18-19). At 2:06 p.m., 3:56 p.m., and 4:08 p.m.,
14 Attorney Cool sent additional text messages to Mr. Doran that disparaged Attorney Berke.
15 (Doc. 96 at 3-4, 6).

16       During her examination of Mr. Doran, Attorney Berke asked Mr. Doran if he had
17 conversed with Attorney Rundall or Attorney Cool during the deposition or during any
18 break. (Doc. 77-1 at 22). Mr. Doran explained that Attorney Cool sent him a text message
19 during the deposition. (*Id.*). Upon Attorney Berke's request, Mr. Doran read the text
20 messages on the record. (*Id.* at 22-25; Doc. 96 at 6-7). Mr. Doran explained that he had
21 not "really been looking" at his phone while testifying and did not read Attorney Cool's
22 text messages sent at 3:56 p.m. and 4:08 p.m. until he read them on the record. (Doc. 96
23 at 6).

24       Federal courts have the inherent authority to sanction conduct abusive of the judicial
25 process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). "A specific finding of bad
26 faith . . . must 'precede any sanction under the court's inherent powers.'" *United States v.*
27 *Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986) (quoting *Roadway Express, Inc. v. Piper*,
28 447 U.S. 752, 767 (1980)). It is "permissible to infer bad faith from [a party's] action[s]

plus the surrounding circumstances." *Miller v. City of Los Angeles*, 661 F.3d 1024, 1029 (9th Cir. 2011).

Federal Rule of Civil Procedure 30(c)(1) provides that the "examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." A "questioning attorney is entitled to have the witness, and the witness alone, answer questions." *In re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614, 621 (D. Nev. 1998) (citing *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 529 (E.D. Pa. 1993)). The Court concurs with other district courts that have held that "[a] witness being deposed may not confer with his counsel during a deposition unless the conference is for the purpose of determining whether an applicable privilege should be asserted." *Horowitz v. Chen*, No. SA CV 17-00432-AG (DFMx), 2018 WL 4560697, at *3 (C.D. Cal. Sept. 20, 2018); *see also BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-cv-01086-AWI-SMS, 2009 WL 3872043, at *3 (E.D. Cal. 2009) (collecting cases). Further, "counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer." Advisory Committee Note to Fed. R. Civ. P. 30(d). As another district court has explained:

> Counsel should never forget that even though the deposition may be taking place far from a real courtroom, with no black-robed overseer peering down upon them, as long as the deposition is conducted under the caption of this court and proceeding under the authority of the rules of this court, counsel are operating as officers of this court. They should comport themselves accordingly[.]

*Hall*, 150 F.R.D. at 531; *see also MAG Aerospace Indus., Inc. v. B/E Aerospace, Inc.*, No. CV13-6089-SJO(FFMx), 2014 WL 12754932, at *1 (C.D. Cal. Aug. 28, 2014) ("A deposition is a judicial proceeding that should be conducted with the solemnity and decorum befitting its importance. . . . When lawyers behave otherwise, it reflects poorly on the entire judicial process."); *Johnson v. Statewide Investigative Servs., Inc.*, No. 20-C-1514, 2021 WL 825653, at *6 (N.D. Ill. Mar. 4, 2021) ("The same basic standards of civility and decency that govern in-person depositions apply to remote video depositions.").

The Court finds that Attorney Cool's text messages to deponent Mr. Doran constitute bad faith conduct that warrants the imposition of sanctions under the Court's inherent power. Sanctions are also justified under Federal Rule of Civil Procedure 30(d)(2).[1] *See Ngai v. Old Navy*, No. CIV.A. 07-5653KSHPS, 2009 WL 2391282, at *4 (D.N.J. July 31, 2009) (finding that an attorney violated Rule 30 by exchanging text messages with the deponent before and during the deposition). The Court finds that the monetary sanctions imposed below are appropriate.

Accordingly,

**IT IS ORDERED** granting Defendants' "Motion for Sanctions Against Plaintiff's Attorney James M. Cool" (Doc. 77).

**IT IS FURTHER ORDERED** imposing monetary sanctions upon Attorney Cool that consist of (i) Defendants' attorneys' fees incurred as a result of the legal research performed by Attorneys Corbett and Berke during the lunch break of Christopher Doran's March 23, 2021 deposition and (ii) Defendants' attorneys' fees incurred as a result of bringing the Motion for Sanctions (Doc. 77).

**IT IS FURTHER ORDERED** that within ten days of the date of this Order, Defendants shall file an Application for Attorneys' Fees concerning the above sanctions. Attorney Cool may file a response to the Application no later than seven days after the Application is filed. No reply is permitted. After briefing, the Court will issue a supplemental order determining the precise amount of monetary sanctions.

**IT IS FURTHER ORDERED** that unless otherwise agreed to by the parties or ordered by the Court, the parties are precluded from providing the pages of Christopher Doran's deposition transcript in which the text messages are quoted (p. 162, l. 5 through p. 163, l. 13) and Exhibit 12 to the deposition (screenshots of the text messages) to the parties'

---

[1] Rule 30(d)(2) provides for sanctions against one who "impedes, delays or frustrates the fair examination of the deponent." Rule 30(d)(2) sanctions do not require a finding of bad faith. *BNSF Ry. Co. v. San Joaquin Valley Rr. Co.*, No. 1:08-cv-01086-AWI-SMS, 2009 WL 3872043, at *3 (E.D. Cal. Nov. 17, 2009).

expert witnesses or any other individual except for the attorneys and Defendants in this case.

Dated this 24th day of May, 2021.

_____
Honorable Eileen S. Willett
United States Magistrate Judge