Lori V. Berke (#015628)
Jody C. Corbett (#019718)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
Phone: (602) 254-8800
Fax: (602) 254-8808
lori@berkelawfirm.com
jody@berkelawfirm.com
Attorneys for Defendants City of Phoenix,
 Chief Jeri Williams, Retired Chief Joseph
 Yahner, and Anthony Armour

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Salazar, individually, | Case No. 2:19-cv-01188-PHX-SRB (ESW) |
| Plaintiff, | **MOTION TO COMPEL SCRIPPS MEDIA, INC. TO RESPOND TO SUBPOENA** |
| vs. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), Defendants City of Phoenix, Chief Jeri Williams, Retired Chief Joseph Yahner, and Retired Officer Anthony Armour ("City Defendants"), through undersigned counsel, move to compel non-party Scripps Media, Inc. ("Scripps") to comply with the subpoena they served on it.

**I.    FACTUAL BACKGROUND.**

Sometime after Plaintiff Frances Salazar ("Plaintiff") filed her original Complaint in this case and before August 10, 2020, Plaintiff was interviewed by ABC-15 news reporter Dave Biscobing regarding the incidents at issue in this lawsuit.[1]  In the interview, Plaintiff

---

[1] https://www.abc15.com/news/local-news/investigations/a-grandmother-convicted-as-a-phoenix-officers-lies-are-kept-secret

1

describes her arrest by Defendant Armour and her subsequent criminal conviction and release from prison. The subject of the news story and the interview of Plaintiff was all about Plaintiffs' claims against the City Defendants in this case, which are that Defendant Armour violated her due process rights under the Fourteenth Amendment by failing to timely disclose Brady information (Doc. 37, ¶ 133) and that the other City Defendants failed to adequately train and supervise City of Phoenix police officers to "deal with production of Brady material." (Doc. 37, ¶ 145). The news story quoted documents from both Plaintiff's criminal case and from this case and referred to her criminal and civil attorneys. In preparing the news story, it is likely that Plaintiff's interview was edited and that not all of the statements she made during the interview were aired as part of the interview. It is also likely that Plaintiffs' criminal attorney Christopher Doran and her attorney in this civil case, Benjamin Rundall made statements to the reporter that were recorded.

In late March 2021, the City Defendants served the subpoena attached hereto as Exhibit 1 on non-party Scripps seeking the following:

1. Full and complete, unedited copies of all video and audio recordings of any interviews of Frances Salazar by reporter Dave Biscobing of ABC 15 News or by any other employee of ABC 15 News or Scripps Media, Inc.

2. Full and complete, unedited copies of all video and audio recordings of any interviews by reporter Dave Biscobing of ABC 15 News or by any other employee of ABC 15 News or Scripps Media, Inc. of Benjamin L. Rundall and Christopher Doran that concern, relate to or mention Frances Salazar.

(See Exhibit 1). Scripps responded to the subpoena with a letter objecting to the subpoena on the basis that the qualified journalist privilege set forth in Shoen v. Shoen, 48 F.3d 412, 416 (9th Cir. 1995) applied to preclude it from producing the requested documents. Scripps also argued that under A.R.S. § 12-2237, it could not be compelled to disclose the source of information procured or obtained by a journalist. (See Letter from David Giles to Laine Roberts, dated April 5, 2021, attached hereto as Exhibit 2).

2

The City Defendants' counsel then sent a letter to Scripps' counsel, providing case law and an explanation as to how the recordings sought were not subject to the qualified journalist privilege or the media shield law and must be produced to the City Defendants. (See Letter from Jody Corbett to David Bodney and David Giles, dated May 12, 2021, attached hereto as Exhibit 3). Counsel for the City Defendants then met and conferred with Scripps' counsel David Bodney regarding this issue via several telephone conversations over several months, concluding with counsel for Scripps media stating that Scripps believed the qualified journalist privilege applied to preclude the recordings from being produced unless additional case law from the Ninth Circuit was provided to them that demonstrated the qualified journalist privilege did not apply in this case. Mr. Bodney did not raise the issue of the Arizona media shield law or contend that it applied during these meet and confer calls.[2] The City Defendants' counsel then sent another letter to counsel for Scripps setting forth case law from the Ninth Circuit demonstrating that the qualified journalist privilege does not apply to the recordings sought in the subpoena and advising that they would file a Motion to Compel if Scripps did not comply with the subpoena. (See Letter to David Bodney from Jody Corbett, dated October 3, 2021, attached hereto as Exhibit 4). In response, Mr. Bodney replied that Scripps would not comply with the subpoena.

II. **LEGAL ARGUMENT.**

Pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), "At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." The Ninth Circuit has held that journalists can only invoke a "qualified, not absolute" privilege from disclosure of "facts acquired . . .

---

[2] As set forth in Exhibit 3, the Arizona media shield law does not apply to protect the recordings the City Defendants are seeking in the subpoena because that law only protects, "the source of information procured or obtained by [a reporter]." A.R.S. § 12-2237. The City Defendants are not requesting that KNXV-TV reveal the source of information because the source of the information is known—Frances Salazar and her attorneys. Therefore, A.R.S. § 12-2237—which is intended to protect confidential sources—is inapplicable here. See State v. Moody, 208 Ariz. 424, 458, ¶ 139, 94 P.3d 1119, 1153 (2004).

1  in the course of gathering the news." <u>Shoen v. Shoen</u>, 5 F.3d 1289, 1292–93 (9th Cir. 1993).
2  There are three factors for a court to consider in determining whether documents should be
3  produced, even when the qualified journalist privilege has been invoked. <u>Shoen v. Shoen</u>, 48
4  F.3d 412, 416 (9th Cir. 1995).  These include: (1) unavailable despite exhaustion of all
5  reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important
6  issue in the case." <u>Id.</u>  In this case, the unedited video and audio recordings sought from
7  Scripps in the subpoena are not available from any other source.  First, unedited video and
8  audio recordings sought in the subpoena are not available from any other source.  Scripps is
9  the only source from which these recordings can be obtained.  Second, the statements made
10 by Plaintiff Frances Salazar or her attorneys during any interviews they participated in are
11 evidentiary admissions that can be used to address the issue of Ms. Salazar's credibility to
12 the extent any statements are contrary to prior statements she has made.  Thus, the recordings
13 sought are not cumulative.  To the extent Ms. Salazar or her attorneys, who are her agents,
14 made any statements that constitute new information, that information also is not cumulative.
15 Finally, Ms. Salazar's and her attorneys' statements about what she claims occurred during
16 her arrest by Officer Armour and any other information related to her allegations in her
17 lawsuit against the City Defendants are clearly relevant to important issues in her lawsuit
18 against these defendants.  Specifically, Plaintiff is alleging that her constitutional rights were
19 violated by the City Defendants.  Therefore, the three <u>Shoen</u> factors weigh in favor of
20 requiring Scripps to comply with the subpoena issued by the City Defendants.

21         Several federal district courts have ruled in cases with facts similar to those in this
22 case, that the qualified journalist privilege did not preclude third-party journalists from being
23 compelled to produce unedited recordings of the interviews of parties to the case.  For
24 example, in <u>Crowe v. Cty. of San Diego</u>, 242 F. Supp. 2d 740, 743 (S.D. Cal. 2003), one of
25 the defendants subpoenaed from non-party CBS the full unedited video recording of her
26 three-hour interview with CBS. (Less than three minutes of her interview was actually aired
27 on television.  <u>Id.</u>).  The district court judge, reviewing the ruling of the magistrate judge
28 denying CBS's motion to quash the subpoena, ruled that under the <u>Shoen</u> factors, the

4

1  qualified journalist privilege did not apply to the unedited recording of the interview. Id. at
2  750-752. Specifically, the court ruled that the recording was clearly relevant to the claims at
3  issue in the case because the entire recording would "provide relevant information as to the
4  context and content" of the defendant's statements. Id. at 751. The court next ruled that the
5  entire interview could not be obtained from any other source and the "*only* means of
6  determining the precise context and content of defendant Stephan's statements is to review
7  the videotape." Id. Finally, the court ruled that the requested material was not cumulative
8  because there was no other evidence that would provide the complete context of the
9  defendant's statements other than the entire recording of the interview. Id. at 752. Therefore,
10 the court ruled that CBS had failed to demonstrate that the qualified journalist's privilege
11 applied to the recording and the court denied the Motion to Quash.

Likewise, in Tate v. City of Chicago, 2020 WL 4437853, at *3–4 (N.D. Ill. Aug. 3, 2020), the Northern District of Illinois was considering factors similar to Shoen to determine whether to quash a subpoena issued by the defendant police officers to non-party CBS. In the subpoena, the defendant police officers sought the unedited recordings of interviews of the plaintiffs regarding the incidents at issue in the lawsuit against the defendants claiming that the defendants had violated the plaintiffs' constitutional rights when they searched the plaintiffs' residence. The court ruled that the unedited recordings were clearly relevant to the issues in the lawsuit and not available from any other source, as follows:

> [A]ny recorded statement made by Plaintiffs about the subject matter that is at the very heart of this litigation is clearly relevant to the claims and defenses in this case and proportionate to the needs of the case. . . . CBS [is] the only source from which such information could readily be obtained. . . . Plaintiffs' statements, captured verbatim in audio and video form currently in CBS's exclusive possession, are not only substantively relevant to the claims and defenses in this case, but highly relevant to possible damage calculations and credibility determinations at trial.
>
> By bringing this lawsuit, Plaintiffs have put their own statements to third parties at issue where they otherwise may not have been, insofar as they bear directly on the subject matter at the core of this litigation. Nor can Plaintiffs or CBS reasonably be said to have a heightened privacy interest or concern about a

>   potential chilling effect on truthful interviews given to the news media as a whole if Defendant Officers' subpoenas are enforced here, and that also bears on the Court's analysis. Ordering that CBS produce the above audio and video clips involving Plaintiffs is consistent with both Plaintiffs' and CBS's expectation at the time the interviews were given that the content of those interviews, in whatever form, would be made available for public consumption.

Tate, 2020 WL 4437853, at *3–4.  Therefore, the court ruled that CBS was required to produce the unedited recordings.

Just as the courts ruled in Crowe and Tate, the only source of the unedited video and audio recordings of statements made by Plaintiff Frances Salazar and her attorneys in this case is Scripps media.  The recordings are relevant to Plaintiff's claims against the City Defendants for the alleged violation of her constitutional rights as well as the defenses that the City Defendants have to her claims. The recordings are also highly relevant to Plaintiff's credibility and the possible damages calculations in this case.  Therefore, the Court should apply the Shoen factors just as these courts did and determine that the qualified journalist privilege does not apply to the unedited recordings in the possession of Scripps in this case and that Scripps must comply with the subpoena.

Finally, in Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 2018 WL 2441518, at *15 (N.D. Cal. May 31, 2018), the court applied the Shoen factors to determine that the defendants' communications about their publications of videos were not protected by the qualified journalist's privilege.  The Court held that these communications were relevant because they contained information about actions that were "at the core of this litigation" including "the purpose of the defendants' conduct" and "the intent of the participants" in the recordings.  Id. (The parties agreed that the documents were not cumulative and were not available from any other source so those factors were not addressed.  Id.)  Thus, the Court concluded that "to the extent a qualified journalist's privilege applies to Defendants, Plaintiffs have overcome it."  Id.  Again, in this case as in Planned Parenthood, the recordings at issue contain information at the core of this litigation regarding Plaintiff's conduct related to her claims in this case.  Therefore, the City Defendants have demonstrated that the recordings

6

they are seeking from Scripps are not protected by the qualified journalist privilege set forth in Shoen and Scripps should be ordered by the Court to produce the requested documents.

### III.  CONCLUSION.

For the reasons set forth above, the Court should compel Scripps Media, Inc. to produce the documents requested in the subpoena served on it by the City Defendants. A Proposed Order is attached pursuant to Local Rule of Civil Procedure 7.1(b)(2).

DATED this 5th day of October, 2021.

BERKE LAW FIRM, PLLC

By  s/ Jody C. Corbett
Lori V. Berke
Jody C. Corbett
Attorneys for Defendants City of Phoenix,
Chief Jeri Williams, Retired Chief Joseph
Yahner and Anthony Armour

### CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Benjamin L. Rundall
Abbie Godles
rundall@honorlawgroup.com
godles@honorlawgroup.com

Maxine S. Mak
Angela Lane
makm@mcao.maricopa.gov
lanea01@mcao.maricopa.gov

A copy was also e-mailed this same date to:

David J. Bodney
bodneyd@ballardspahr.com
Counsel for Scripps Media, Inc.

By:  s/ Jody C. Corbett