Lori V. Berke (#015628)
Jody C. Corbett (#019718)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
Phone: (602) 254-8800
Fax: (602) 254-8808
lori@berkelawfirm.com
jody@berkelawfirm.com
Attorneys for Defendants City of Phoenix,
   Chief Jeri Williams, Retired Chief Joseph
   Yahner, and Anthony Armour

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Salazar, individually,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, et al.,<br><br>Defendants. | Case No. 2:19-cv-01188-PHX-SRB (ESW)<br><br>**MOTION TO COMPEL WITNESS RODNEY MCCULLOUGH TO APPEAR FOR CONTINUED DEPOSITION**<br><br>**AND**<br><br>**REQUEST FOR EXPEDITED RULING** |

Pursuant to Fed. R. Civ. P. 37(a)(3)(B)(i) and (a)(3)(C), Defendants City of Phoenix, Chief Jeri Williams, Retired Chief Joseph Yahner, and Retired Officer Anthony Armour ("City Defendants"), through undersigned counsel, move to compel witness Rodney McCullough to appear for his continued deposition and request expedited ruling on this motion.

I.  **FACTUAL BACKGROUND.**

Rodney McCullough was the driver of the vehicle in which Plaintiff was riding at the time of the traffic stop that led to her arrest, prosecution and conviction for the crimes of

1

1  possession or use of narcotic drugs and possession of drug paraphernalia that are the subject
2  of this lawsuit.  Mr. McCullough testified as a witness in Plaintiff's criminal case.
3        Because Mr. McCullough is incarcerated, Defendants filed a motion for leave to take
4  his deposition, which the Court granted.  (Docs. 155, 158).  Counsel for the City Defendants
5  noticed Mr. McCullough's deposition for October 14, 2021.  (Doc. 165).  The deposition was
6  commenced on that date at 9:02 a.m.  (See Transcript of Rodney McCullogh Deposition,
7  dated October 14, 2021, p. 1, attached hereto as Exhibit 1).  Counsel for the City Defendants'
8  began the questioning.  (See Exhibit 1, p. 5).  Mr. McCullough testified at the deposition that
9  Plaintiff was lying when she testified at an evidentiary hearing during her criminal case that
10  he had a gun and drugs on his person at the time of the traffic stop on December 31, 2013.
11  (See Exhibit 1, pp. 17, 19-22).  Counsel for the City Defendants had been questioning Mr.
12  McCullough for approximately forty minutes, when Mr. McCullough responded to a question
13  inconsistently with a statement he previously made during a recorded interview with
14  Plaintiff's criminal investigator.  (See Exhibit 1, pp. 29-30, 33).  Counsel for the City
15  Defendants asked Mr. McCullough whether he had been truthful during his interview with
16  Plaintiff's criminal investigator.  (See Exhibit 1, p. 30).  Initially, Mr. McCullough testified
17  that he was not truthful during his interview with the investigator.  (See Exhibit 1, pp. 30-31).
18  When asked why he was not telling the truth in that interview, he responded that he did not
19  want to answer the question, and he stated that he probably needed an attorney and was not
20  going to answer any more questions.  (See Exhibit 1, p. 31).  Mr. McCullough stated that until
21  he consulted an attorney he was not going to answer any more questions.  (See Exhibit 1, pp.
22  32-33).  The City Defendants' counsel then advised Mr. McCullough that the City Defendants
23  would take up the matter with the Court and the deposition concluded.  (Id.).
24        Counsel for the City Defendants also took the deposition of Antonio Harris on October
25  14, 2021.  Mr. Harris was the registered owner of the vehicle Plaintiff and Mr. McCullough
26  were in at the time of the traffic stop that led to Plaintiff's arrest and prosecution.  At
27  Plaintiff's criminal trial, Mr. Harris testified that the drugs and drug paraphernalia that were
28  found in the vehicle and that Plaintiff was charged with possessing belonged to him.

1    During Mr. Harris' deposition, Mr. Harris testified that the drugs and drug paraphernalia found in the vehicle at the time of Plaintiff's arrest were not his and that Plaintiff asked him to lie in court for her and testify at her criminal trial that the drugs and drug paraphernalia were his, and he agreed to do so because he cared for Plaintiff, and Plaintiff was facing the possibility of a long prison sentence if convicted (Mr. Harris testified that he and Plaintiff were involved in an intimate relationship at the time and used drugs together on numerous occasions).  (See Transcript of Antonio Harris Deposition, dated October 14, 2021, pp. 12-13, 15, 30-32, 34, attached hereto as Exhibit 2).  Mr. Harris also testified at his deposition that when he testified at Plaintiff's criminal trial that the drugs and drug paraphernalia were his, he was not being truthful.  (See Exhibit 2, pp. 31, 35-36). Following the City Defendants' questioning of Mr. Harris, Plaintiff's counsel accused him of perjury and suggested that he was "going to need a lawyer because the testimony [he] provided today is not consistent with two previous interviews and testimony that [he] provided to the Maricopa County Superior Court." (See Exhibit 2, pp. 38-39).  After some further discussion, including Mr. Harris stating he could only be at the deposition for 30 additional minutes, Mr. Harris advised counsel that he wished to consult with an attorney before Plaintiff's counsel questions him.  (See Exhibit 2, pp. 39-45).  Undersigned counsel believe that Mr. McCullough's hesitation in responding to further questioning might be due to Plaintiff's having asked him to lie for her in her criminal case, like she did with Mr. Harris, and the City Defendants want to further explore that, as well as complete their questioning about what took place during the subject traffic stop including the extent to which Plaintiff gave false testimony in her criminal case.

II.   **LEGAL ARGUMENT.**

Under Fed. R. Civ. P. 37(a)(3)(B)(i), a party may move for a motion to compel a deponent who fails to answer questions at a deposition.  Also, under Fed. R. Civ. P. 37(a)(3)(C), a party can bring a motion to compel "related to a deposition" after the party has adjourned the deposition to move for a court order.  Other federal district courts have issued orders to non-party deponents to appear and complete their depositions after the non-party

1  deponents improperly objected to questions asked at the deposition.  See, e.g., United States
2  Sec. & Exch. Comm'n v. Collector's Coffee Inc., 338 F.R.D. 309, 324 (S.D.N.Y. 2021);
3  Schmidt v. Stone, 2019 WL 3253953, at *2 (E.D.N.Y. July 18, 2019); Brincko v. Rio
4  Properties, Inc., 278 F.R.D. 576, 585 (D. Nev. 2011).
5      In this case, Mr. McCullough refused to answer any more questions after he was
6  questioned regarding whether he made untruthful statements to Plaintiff's criminal
7  investigator.  Because he refused to answer any more questions without first consulting an
8  attorney, the deposition could not continue.  The City Defendants are entitled to complete
9  Mr. McCullough's deposition after he has had a reasonable opportunity to consult an attorney.
10 Therefore, the City Defendants request that the Court issue an Order requiring Mr.
11 McCullough to appear for a continued deposition via Zoom on October 28, 2021.  This will
12 allow Mr. McCullough a reasonable amount of time to consult with an attorney, but still allow
13 the deposition to be completed before the new fact discovery deadline proposed by the parties
14 in their recently filed Stipulated Motion to extend the deadline to complete fact discovery.
15 (Doc. 172).

16 **III.  REQUEST FOR EXPEDITED RULING**

17     While the parties just filed a Stipulated Motion to extend the deadlines to complete
18 fact discovery and supplement MIDP responses to November 19, 2021 (Doc. 172), there is
19 still a limited amount of time to complete briefing on this Motion under the normal schedule
20 for briefing of motions under the Federal Rules of Civil Procedure and to allow the City
21 Defendants to schedule and complete the deposition of Mr. McCullough.  Therefore, the City
22 Defendants request that the Court expedite its ruling on this Motion.

23 **IV.  CERTIFICATION**

24     As set forth in the pages of Mr. McCullough's deposition attached hereto as Exhibit
25 1, counsel for the City Defendants conferred with Mr. McCullough in an effort to obtain his
26 testimony without Court action.  Therefore, undersigned counsel for the City Defendants
27 conferred with Mr. McCullough pursuant to Fed. R. Civ. P. 37(a)(1) before filing this Motion.
28 . . .

## V. CONCLUSION.

For the reasons set forth above, the Court should expedite its ruling on this motion and should issue an Order compelling Mr. McCullough to appear for his continued deposition and answer the questions asked him by counsel for the City Defendants. A Proposed Order is attached pursuant to Local Rule of Civil Procedure 7.1(b)(2).

DATED this 17th day of October, 2021.

BERKE LAW FIRM, PLLC

By   s/ Jody C. Corbett
Lori V. Berke
Jody C. Corbett
Attorneys for Defendants City of Phoenix, Chief Jeri Williams, Retired Chief Joseph Yahner and Anthony Armour

### CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Benjamin L. Rundall
Abbie Godles
rundall@honorlawgroup.com
godles@honorlawgroup.com

Maxine S. Mak
Angela Lane
makm@mcao.maricopa.gov
lanea01@mcao.maricopa.gov

I further certify that on October 18, 2021, a copy of the foregoing was mailed to:

Rodney McCullough, Inmate #177542
ASPC-Lewis – Bachman Unit
PO Box 70
Buckeye, Arizona  85326

By:   s/ Jody C. Corbett