**EXHIBIT B**



David M. Giles
VP, Deputy General Counsel, Chief Ethics Officer

513-977-3891
dave.giles@scripps.com

P.O. BOX 5380
CINCINNATI, OHIO 45201
312 WALNUT ST., SUITE 2800
CINCINNATI, OHIO 45202

scripps.com

Via Email Only: laine@berkelawfirm.com

April 5, 2021

Laine M. Roberts
Paralegal
Berke Law Firm PLLC
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006

    Re:    Subpoena of Scripps Media, Inc., in Salazar v. City of Phoenix, et al.
             Case No. 2:19-cv-01188-PHX-SRB

Dear Ms. Roberts:

This office serves as corporate counsel to Scripps Media, Inc., owner and operator of KNXV-TV ("Station"). A copy of the above-referenced Subpoena To Produce Documents, Information, Or Objects ("Subpoena") has been forwarded to me for review and response. Please direct all future correspondence regarding this matter to my attention.

The Subpoena seeks unedited video and audio in the possession of KNXV-TV and reporter Dave Biscobing related to interviews with Frances Salazar, Benjamin Rundall or Christopher Doran.

Please be advised that this serves as KNXV's formal objection under Rule 45 of the Federal Rules of Civil Procedure. The information sought is privileged and the Subpoena is insufficient to compel the production of any materials from KNXV. Specifically, journalists in this Circuit enjoy a strong First Amendment privilege against third-party discovery. *Shoen v. Shoen*, 48 F.3d 412 (9th Cir. 1995). In *Shoen*, the Ninth Circuit held that a litigant seeking even non-confidential information must show that the material is: "(1) unavailable despite exhaustion of all reasonable alternative sources; (2) non-cumulative; and (3) clearly relevant to an important issue in the case." Id. at 416. Evidence satisfying each prong of the test is necessary to compel production. The Ninth Circuit has made clear that the journalist's privilege cannot easily be defeated: "'[I]n the ordinary case the civil litigant's interest in disclosure should yield to the journalist's privilege. Indeed, if the privilege does not prevail in all but the most exceptional cases, its value will be substantially diminished.'" Id. (quoting Zerilli v. Smith, 656 F.2d 705 (D.C. Cir. 1981). In short, the Shield Law and the *Shoen* court's ruling emphasizes the fact that news organizations are not to be used as clipping services for litigants.

Here, no attempt has been made to satisfy any prong of the *Shoen* test.

The statutory requirements outlined above are serious hurdles to a litigant's ability to compel privileged testimony from KNXV, and I discourage you from taking the statutory averments lightly.

Additionally, journalists in Arizona are protected by the state's Media Shield Law, A.R.S. § 12-2237, which provides that: A person engaged in television or reportorial work shall not be compelled to testify or disclose

in a legal proceeding or trial or any proceeding whatever the source of information procured or obtained by him for broadcasting over a radio or television station.  A.R.S. § 12-2237.

Finally, the Subpoena is invalid as a matter of law because it is not supported by the statutorily required affidavit.  A.R.S. § 12-2214(A) requires that a criminal or civil subpoena directed to a person engaged in gathering, reporting, writing, editing, publishing or broadcasting news, which relates to matters within these news activities, must be accompanied by an affidavit setting forth six specific averments. Upon information and belief, the Station and Ms. Starke believe her testimony is being sought related to her activities as a news producer.  As a result, because the Subpoena was served without the required affidavit, it has "no effect" as a matter of law.  A.R.S. § 12-2214(B); *see also*, *Phoenix Newspapers, Inc. v. Reinstein,* 240 Ariz. 442, 381 P. 3d 236 (Ct. App. 2016).

If you would like to discuss this matter further, I invite you to reach out to our local counsel, David Bodney, at bodneyd@ballardspahr.com or (602) 798-5454, or to me at the contact information listed on this letterhead.

Sincerely,

*[signature]*

David M. Giles


cc:   Mr. Mark Casey
      Ms. Anita Helt