**EXHIBIT C**

# BERKE LAW FIRM PLLC

**Jody C. Corbett, Esq.**
jody@berkelawfirm.com

May 12, 2021

<u>**VIA E-MAIL ONLY**</u>

David M. Giles
VP, Deputy General Counsel, Chief Ethics Officer
SCRIPPS
P.O. Box 5380
Cincinnati, Ohio 45201
dave.giles@scripps.com

David Bodney
Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
bodneyd@ballardspahr.com

Re:   Subpoena to Scripps Media in Salazar v. City of Phoenix, et al.

Dear Mr. Giles and Mr. Bodney:

I am writing in response to Mr. Giles' letter dated April 5, 2021, objecting to the subpoena our law firm served on Scripps Media, Inc. ("Scripps") seeking the following:

1. Full and complete, unedited copies of all video and audio recordings of any interviews of Frances Salazar by reporter Dave Biscobing of ABC 15 News or by any other employee of ABC 15 News or Scripps Media, Inc.

2. Full and complete, unedited copies of all video and audio recordings of any interviews by reporter Dave Biscobing of ABC 15 News or by any other employee of ABC 15 News or Scripps Media, Inc. of Benjamin L. Rundall and Christopher Doran that concern, relate to or mention Frances Salazar.

The objections and arguments in your letter lack merit. Our subpoena is valid as a matter of law and the recordings we are seeking are subject to production by Scripps under federal law.

David M. Giles
David Bodney
May 12, 2021
Page 2

      First, applying the factors set forth by the Ninth Circuit in Shoen v. Shoen, 48 F.3d 412 (9th Cir. 1995), the recordings we are seeking in the subpoena are subject to production despite the qualified privilege that applies to journalists in the Ninth Circuit. In Shoen, the court held that when "information sought is not confidential, a civil litigant is entitled to requested discovery notwithstanding a valid assertion of the journalist's privilege by a nonparty upon a showing that the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case." 48 F.3d at 416. In this case, these factors are met and the material our clients are seeking in the subpoena must be produced. First, the unedited video and audio recordings sought in the subpoena are not available from any other source. Second, the statements made by Plaintiff Frances Salazar or her attorneys during any interviews they participated in are evidentiary admissions that can be used to address the issue of Ms. Salazar's credibility to the extent any statements are contrary to prior statements she has made. Thus, it is not cumulative. To the extent Ms. Salazar or her attorneys, who are her agents, made any statements that constitute new information, that information also is not cumulative. Third, Ms. Salazar's and her attorneys' statements about what she claims occurred during her arrest by Officer Armour and any other information related to her allegations in her lawsuit against our clients are clearly relevant to important issues in her lawsuit against the City of Phoenix, Chief Jeri Williams, retired Chief Joseph Yahner, and Anthony Armour. Thus, the Shoen factors are met in this case.

      Ruling on similar factors raised by a reporter seeking to quash a subpoena in a Section 1983 case brought against police officers in the Northern District of Illinois by plaintiffs claiming the officers violated their constitutional rights, the court recently stated:

> [A]ny recorded statement made by Plaintiffs about the subject matter that is at the very heart of this litigation is clearly relevant to the claims and defenses in this case and proportionate to the needs of the case. . . . CBS [is] the only source from which such information could readily be obtained. . . . Plaintiffs' statements, captured verbatim in audio and video form currently in CBS's exclusive possession, are not only substantively relevant to the claims and defenses in this case, but highly relevant to possible damage calculations and credibility determinations at trial.

> By bringing this lawsuit, Plaintiffs have put their own statements to third parties at issue where they otherwise may not have been, insofar as they bear directly on the subject matter at the core of this litigation. Nor can Plaintiffs or CBS reasonably be said to have a heightened privacy interest or concern about a potential chilling effect on truthful interviews given to the news media as a whole if Defendant Officers' subpoenas are enforced here, and that also bears on the Court's analysis. Ordering that CBS produce the above audio and video clips involving Plaintiffs is consistent with both Plaintiffs' and CBS's expectation at the time the interviews were given that the content of those interviews, in whatever form, would be made available for public consumption.

David M. Giles
David Bodney
May 12, 2021
Page 3

Tate v. City of Chicago, 2020 WL 4437853, at *3–4 (N.D. Ill. Aug. 3, 2020).  If the Court in this case is asked to rule on these issues, we are confident it will make the same determinations as the Tate court and rule that the Shoen factors are met in this case.

    Further, the Arizona media shield law does not apply to protect the information we are seeking in the subpoena because it only protects, "the source of information procured or obtained by [a reporter]."  A.R.S. § 12-2237.  We are not requesting that KNXV-TV reveal to our clients the source of information because the source of the information we are seeking is known—Frances Salazar and her attorneys.  Therefore, A.R.S. § 12-2237—which is intended to protect confidential sources—is inapplicable here.  See State v. Moody, 208 Ariz. 424, 458, ¶ 139, 94 P.3d 1119, 1153 (2004).

    For the foregoing reasons, Scripps' objection to the subpoena lacks merit as set forth above and it needs to respond to the subpoena by producing the requested documents.  If, based on the foregoing, Scripps still refuses to produce the recordings to us, please let us know when you are available this week to meet and confer regarding the subpoena. Otherwise, please produce the items responsive to the subpoena no later than May 20, 2021.

    Very truly yours,

    BERKE LAW FIRM, PLLC

    *Jody C. Corbett*

    Jody C. Corbett

JCC/lmr