**EXHIBIT D**

# BERKE LAW FIRM PLLC

**Jody C. Corbett, Esq.**
jody@berkelawfirm.com

October 3, 2021

<u>**VIA E-MAIL ONLY**</u>

David Bodney
Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
bodneyd@ballardspahr.com

  Re: Subpoena to Scripps Media in Salazar v. City of Phoenix, et al.

Dear Mr. Bodney:

  I am writing in follow up to our meet and confer calls regarding the subpoena our law firm served on Scripps Media, Inc. ("Scripps") seeking the following:

1. Full and complete, unedited copies of all video and audio recordings of any interviews of Frances Salazar by reporter Dave Biscobing of ABC 15 News or by any other employee of ABC 15 News or Scripps Media, Inc.

2. Full and complete, unedited copies of all video and audio recordings of any interviews by reporter Dave Biscobing of ABC 15 News or by any other employee of ABC 15 News or Scripps Media, Inc. of Benjamin L. Rundall and Christopher Doran that concern, relate to or mention Frances Salazar.

  During our meet and confer call, you requested that I provide you with Ninth Circuit case law supporting our position that the recordings we are seeking in the subpoena are discoverable under the factors set forth by the Ninth Circuit in <u>Shoen v. Shoen</u>, 48 F.3d 412 (9th Cir. 1995). We continue to contend that under <u>Shoen</u>, the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case." 48 F.3d at 416. Specifically, the unedited video and audio recordings sought in the subpoena are (1) not available from any other source, (2) the statements made by Plaintiff Frances Salazar or her attorneys during any interviews they participated in are evidentiary admissions that can be used to address the issue of Ms. Salazar's credibility to the extent any statements are contrary to prior statements she has made and are not cumulative, and (3) Ms. Salazar's and her attorneys' statements about what she claims occurred during her arrest by Officer

David Bodney
October 20, 2021
Page 2

Armour and any other information related to her allegations in her lawsuit against our clients are clearly relevant to important issues in her lawsuit against the City of Phoenix, Chief Jeri Williams, retired Chief Joseph Yahner, and Anthony Armour.

In Crowe v. Cty. of San Diego, 242 F. Supp. 2d 740, 743 (S.D. Cal. 2003), a case with facts very similar to this case, one of the defendants sought the full unedited video recording of a three-hour interview with CBS. (Less than three minutes of her interview was actually aired on television. Id.). The district court judge, reviewing the ruling of the magistrate judge denying CBS's motion to quash the subpoena ruled that under the Shoen factors, the qualified journalist privilege did not apply to the unedited recording of the interview. Id. at 750-752. Specifically, the court ruled that the recording was clearly relevant to the claims at issue in the case because the entire recording would "provide relevant information as to the context and content" of the defendant's statements. Id. at 751. The court next ruled that the entire interview could not be obtained from any other source and the "*only* means of determining the precise context and content of defendant Stephan's statements is to review the videotape." Id. Finally, the court ruled that the requested material was not cumulative because there is no other evidence that will provide the complete context of the defendant's statements other than the entire recording of the interview. Id. at 752. Therefore, the court ruled that CBS had failed to demonstrate that the qualified journalist's privilege applied to the recording and the court denied the Motion to Quash.

Likewise, in Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 2018 WL 2441518, at *15 (N.D. Cal. May 31, 2018), the court applied the Shoen factors to determine that the defendants' communications about their publications of videos were not protected by the qualified journalist's privilege. The Court held that these communications were relevant because they contained information about actions that were "at the core of this litigation" including "the purpose of the defendants' conduct" and "the intent of the participants" in the recordings. Id. (The parties agreed that the documents were not cumulative and were not available from any other source so those factors were not addressed. Id.) Thus, the Court concluded that "to the extent a qualified journalist's privilege applies to Defendants, Plaintiffs have overcome it." Id.

Now that we have provided Ninth Circuit case law demonstrating that the subpoenaed recordings we are seeking are not protected by the qualified privilege and should be produced, please let us know by October 5, 2021, if your client will agree to produce them. If, based on the foregoing, Scripps still refuses to produce the recordings to us, we will proceed with filing a Motion to Compel.

Very truly yours,

BERKE LAW FIRM, PLLC

*Jody C. Corbett*

Jody C. Corbett

JCC/lmr