# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Salazar, | No. CV-19-01188-PHX-SRB (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

Pending before the Court is City Defendants'[1] "Motion to Compel Scripps Media, Inc. to Respond to Subpoena" (Doc. 163). Scripps Media, Inc. ("Scripps") has filed a Response (Doc. 177), to which City Defendants has replied (Doc. 183). City Defendants seek copies of ABC15's unedited video and audio recordings of interviews of Plaintiff and two of her attorneys that ABC15 conducted in connection with investigative news reports.

Journalists have a qualified privilege against compelled disclosure of information and records gathered in the course of their reporting. The seminal Ninth Circuit cases on the issue of the federal journalist's privilege are *Shoen v. Shoen*, 5 F.3d 1289 (9th Cir. 1993) ("*Schoen I*") and *Shoen v. Shoen*, 48 F.3d 412 (9th Cir. 1995) ("*Shoen II*"). In *Shoen I*, the Ninth Circuit explained:

> Rooted in the First Amendment, the privilege is a recognition that society's interest in protecting the integrity of the newsgathering process, and in ensuring the free flow of

---

[1] City Defendants include Defendants City of Phoenix, Jeri Williams, Joseph Yahner, and Anthony Armour.

> information to the public, is an interest "'of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice.'" *Herbert v. Lando*, 441 U.S. 153, 183, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) (Brennan, J., dissenting) (quoting *McCormick on Evidence 152* (2d ed. 1972)).

*Shoen I*, 5 F.2d at 1292.  The journalist's privilege is qualified and not absolute.  "[T]he process of deciding whether the privilege is overcome requires that 'the claimed First Amendment privilege and the opposing need for disclosure be judicially weighed in light of the surrounding facts, and a balance struck to determine where lies the paramount interest.'"  *Id.* at 1292-93 (quoting *Farr*, 522 F.2d at 468).  The Ninth Circuit in *Shoen II* held that

> [W]here information sought is not confidential, a civil litigant is entitled to requested discovery notwithstanding a valid assertion of the journalist's privilege by a nonparty only upon a showing that the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case.  We note that there must be a showing of actual relevance; a showing of potential relevance will not suffice.

*Shoen*, 48 F.3d at 416.

When City Defendants filed their Motion (Doc. 163) on October 5, 2021, City Defendants had not yet deposed Plaintiff.  In its Response (Doc. 177 at 5), Scripps asserts that City Defendants have failed to exhaust reasonable alternative sources for the information they seek.  In *Shoen I*, the Ninth Circuit concluded that the threshold exhaustion requirement had not been satisfied because the plaintiffs did not depose the interviewee before requesting the journalist's notes and recordings concerning the interview.  *Shoen I*, 5 F.3d at 1296; *see also Jimenez v. City of Chicago*, 733 F. Supp. 2d 1268, 1272 (W.D. Wash. 2010) ("Requesters may not skirt the exhaustion requirement by speculating about the alternative source's ability to fulfill their needs. . . . By failing to depose Plaintiff, Defendants failed to exhaust all reasonable alternative sources for the privileged information they seek.").  In their Reply (Docs. 183 at 5), City Defendants explain that they deposed Plaintiff on October 25, 2021.  City Defendants recount that

1 Plaintiff testified during her deposition that she could not remember the details regarding
2 the questions asked during her ABC15 interview.  (*Id.* at 9).

3 City Defendants also state in their Reply that "Plaintiff and her attorneys may also
4 have had access to the unedited recordings."  (*Id.* at 5).  City Defendants explain that during
5 Plaintiff's deposition, Plaintiff stated that she was sent a link to the interview but could not
6 remember whether it was a link to the entire unedited interview or to the published news
7 story.  (*Id.*).  City Defendants contend that "Scripps has waived its journalistic privilege to
8 the unedited video footage by interviewing Plaintiff and her attorneys while this case was
9 pending about the very claims at issue in this case, and in turn giving them access to what
10 was contained in the recordings."  (*Id.*).

11 "It is well settled that new arguments cannot be made for the first time in reply.  This
12 goes for new facts too."  *Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir. 1989).  To the
13 extent that a party raises a new argument or proffers new evidence and information in a
14 reply brief, that argument or evidence is improper because the opposing party is deprived
15 of an opportunity to respond.  *See Tovar v. United States Postal Service*, 3 F.3d 1271, 1273
16 n.3 (9th Cir. 1993).  A court cannot consider new evidence provided in a reply when the
17 other party does not have an opportunity to respond to the evidence.  *See Provenz v. Miller*,
18 102 F.3d 1478, 1483 (9th Cir. 1996).  The Court will afford Scripps an opportunity to file
19 a sur-reply.

20 Accordingly,

21 **IT IS ORDERED** that no later than **fourteen days** from the date of this Order,
22 Scripps Media, Inc. may file a sur-reply to City Defendants' Reply (Doc. 183) in support
23 of City Defendants' Motion to Compel (Doc. 163).  City Defendants may not file a sur-
24 sur-reply unless one is later ordered by the Court.

25 Dated this 29th day of October, 2021.

Honorable Eileen S. Willett
United States Magistrate Judge