**HONOR LAW GROUP, PLLC**
Benjamin L. Rundall, State Bar No. 031661
Abbie L. Godles, State Bar No. 036003
4450 S. Rural Rd., Suite C-220
Tempe, AZ 85282
(602) 282-0223
Attorney E-mail:   rundall@honorlawgroup.com
                   godles@honorlawgroup.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Salazar,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Phoenix, City of, et al.,<br><br>　　　　　Defendants. | Case No. CV-19-01188-PHX-SRB (ESW)<br><br>**PLAINTIFF'S RESPONSE TO CITY DEFENDANTS' MOTION TO COMPEL WITNESS RODNEY MCCULLOUGH TO APPEAR FOR CONTINUED DEPOSITION** |

Plaintiff Frances Salazar ("Plaintiff") opposes City Defendants' Motion to Compel because it will needlessly expand discovery into prohibited and non-relevant areas unrelated to any of City Defendants' defenses (potentially at the expense of a non-party who has requested right to counsel). Additionally, even though this Court denied City Defendants' motion to amend their answer regarding the affirmative defense of Plaintiff's "guilt," City Defendants used the discovery extension afforded to them by this Court to examine witnesses such as Rodney McCullough ("Mr. McCullough") for the purpose of proving Plaintiff is "guilty" of charges stemming from her 2013 arrest. In sum, Mr. McCullough's testimony can provide nothing which would help the parties better understand the issues in this case (which

1

are: (1) whether the *Brady* material at issue in this case was withheld by Defendants; and, (2) whether the failure to turn over the *Brady* material violated Plaintiff's due process rights).

## I. RELEVANT FACTUAL BACKGROUND

Plaintiff's arrest occurred nearly eight years ago on December 31, 2013. At the time of her arrest, Plaintiff was travelling in a vehicle driven by Rodney McCullough ("Mr. McCullough") and owned by Antonio Harris ("Mr. Harris"). Neither Mr. McCullough, nor Mr. Harris, possess any knowledge about City Defendants' failure to provide *Brady* information; and City Defendants did not timely assert a defense Plaintiff is "guilty" of the crime leading to her incarceration.[1]

Nevertheless, City Defendants' counsel used this Court's limited extension of discovery deadlines to examine both Mr. McCullough and Mr. Harris for the purpose of supporting their previously rejected and untimely defense that Plaintiff is "guilty" of charges stemming from her 2013 arrest. For example, City Defendants' counsel spent the majority of each examination targeting dissimilarities between events recorded in the criminal case eight years ago, with these witnesses' current knowledge today. Such information could only be useful if Plaintiff was being re-tried criminally.[2] City Defendants' counsel also drove both

---

[1] *See* (Doc. 145) (recognizing City Defendants' affirmative defense arises from *Carey v. Piphus*, 435 U.S. 247 (1978) which allows a defense to damages if the person bringing a § 1893 claim involving due process violations would have suffered the same injury absent the constitution violation).

[2] City Defendants will argue such statements constitute "impeachment" material; however, impeachment material against Mr. McCullough/Mr. Harris about Ms. Salazar's underlying criminal charges are not relevant to Plaintiff's constitutional claims against Defendants.

witnesses towards statements which would demonstrate Plaintiff's "guilt." While Mr. McCullough requested right to counsel, Mr. Harris provided testimony different than sworn testimony previously offered at Plaintiff's criminal trial before also requesting counsel.[3]

Undersigned counsel does not believe the rights of Mr. McCullough and Mr. Harris (both unrepresented parties) were respected by City Defendants' counsel during their respective depositions. For example, Mr. Harris said early in his deposition that he works for the City as a bus driver. Although City bus drivers are employed through a private company contracted with the City of Phoenix, Plaintiff does not believe Mr. Harris was aware of this distinction during his deposition.[4] It is alarming to Plaintiff that a witness who may have thought he worked for the City of Phoenix was subpoenaed and deposed by a lawyer for City Defendants. Undersigned counsel is concerned Mr. Harris may have felt forced to provide favorable testimony to the City to protect his employment/prevent retaliation.

Turning to the issue of Mr. Harris' perjury, ER 4.3, Ariz. Ethical Rules does not allow lawyers to appear disinterested when dealing with unrepresented persons, particularly where the unrepresented person misunderstands the lawyer's role in the matter. The minute Mr. Harris provided contradicting testimony arising to criminal perjury[5], undersigned counsel believed the ethical requirement was to make clear to Mr. Harris the parties at the deposition

---

[3] Mr. Harris stated for the first time that Plaintiff asked him to provide false testimony during her criminal trial. Plaintiff denied these accusations in her own deposition.
[4] The parties did try to clarify this during the deposition.
[5] Perjury is a Class 4 felony defined by a false sworn statement in regard to a material issue. Ariz. Rev. Stat. § 13-2702.

3

were not disinterested in his testimony (and advise Mr. Harris he had a right to counsel before any party continued with questions which could further incriminate him).[6]

Nevertheless, because testimony from Mr. McCullough cannot help the parties better understand the dispositive issues in Plaintiff's case, she respectfully moves this Court to deny City Defendants' motion.

## II.     LEGAL ARGUMENT

This Court should deny City Defendants' motion to compel because his testimony is not relevant to the constitutional issues raised in Plaintiff's complaint, City Defendants intend to ask him questions related to an untimely and previously rejected affirmative defense related to Plaintiff's "guilt," and compelling his testimony while he is incarcerated would impede his request for counsel.

### A.     Mr. McCullough's testimony is not relevant.

Pursuant to Rule 401, Fed. R. Evid., information is relevant if it "(1) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "When considering a motion to compel, the Court has…broad discretion in determining relevancy for discovery purposes. *Terteryan v. Nissan Motor Acceptance Corp.*, 2017 WL 10991656, at *5 (C.D. Cal. Oct. 19, 2017), *citing Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005).

---

[6] Importantly, Defendant Lake's counsel from the Maricopa County Attorney's Office was present for Mr. Harris' deposition. MCAO is the entity who could bring charges against Mr. Harris for his perjured testimony.

4

Here, Mr. McCullough's testimony is not relevant for a number of reasons. First, his knowledge of events from eight years ago connected to Plaintiff's arrest is of no consequence in determining whether Plaintiff's right to a fair trial was impacted by City Defendants' failure to turn over *Brady* material. Additionally, while his testimony may be relevant to facts related to her criminal trial, this case is not a retrial of Plaintiff's 2016 criminal trial. And while City Defendants may argue such statements constitute "impeachment" material, impeachment evidence is "evidence used to undermine a witness's credibility," including, *inter alia*, use of a criminal conviction. IMPEACHMENT EVIDENCE, Black's Law Dictionary (11th ed. 2019); Fed. R. Evid. 609. City Defendants' line of questioning is not relevant to impeachment in Plaintiff's civil case because there is no criminal conviction stemming from Plaintiff's 2013 arrest. To the extent that City Defendants argue their questioning is in line with impeaching a witness' character for truthfulness or untruthfulness, this argument again fails since no testimony Mr. McCullough or Mr. Harris could provide would have any bearing on the constitutional claims at issue in this case. Fed. R. Evid. 608.

**B.    City Defendants' questions are related to untimely pled defenses previously rejected by this Court.**

On July 19, 2021, City Defendants moved to amend their answer to include untimely affirmative defenses of "no damages; lack of causation; Defendant Anthony Armour's testimony during Plaintiff's criminal action was truthful; Plaintiff is guilty of the crimes for which was prosecuted and convicted." (Doc. 118, at Ex. 6). On September 16, 2021, this Court denied City Defendants' request noting "Defendants have not met their burden showing

5

that excusable neglect justifies re-opening the deadline for amending the pleadings." (Doc. 145). As a result, these defenses are not available to City Defendants in relation to Plaintiff's *Brady* claim. Because City Defendants' questioning of Mr. McCullough primarily includes questions which could only relate to their precluded defenses, City Defendants' motion to compel further testimony from Mr. McCullough should be denied.

        **C.**    **If his deposition is compelled, Mr. McCullough should be afforded the benefit of counsel.**

Even if this Court is inclined to grant City Defendants' motion, Plaintiff believes Mr. McCullough should be provided counsel in light of City Defendants' questioning of Mr. Harris (particularly if they intend to illicit testimony which could incriminate him). Mr. McCullough is currently incarcerated and will likely struggle to retain counsel to represent him on his own. Accordingly, if Mr. McCullough has not found counsel to represent him, Plaintiff respectfully requests he be appointed counsel through the Court's Civil Litigation Panel (exclusively for the purpose of representing him at his deposition).

**III.   CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests City Defendants' motion to compel Mr. McCullough's testimony should be denied.

RESPECTFULLY SUBMITTED this 8th day of November, 2021.

                                      **HONOR LAW GROUP, PLLC**

                                  By   */s/ Benjamin L. Rundall*
                                      Benjamin L. Rundall, Esq.
                                      Abbie L. Godles, Esq.
                                      *Attorneys for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2021, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a notice of Electronic Filing to the following CM/ECF registrants:

Honorable Susan R. Bolton
United States District Court
Sandra Day O'Connor U.S. Courthouse, Ste. 522
401 W. Washington St., SPC 50
Phoenix, AZ 85003-2153

Honorable Eileen S. Willett
Magistrate Judge
United States District Court
401 W. Washington St., SPC 13
Phoenix, AZ 85003-2153

Maxine S. Mak, Esq.
Angela Lane, Esq.
Maricopa County Attorney's Office – Civil Division
222 N. Central Ave., Suite 1100
Phoenix, AZ 85004
*Attorneys for Defendant Elizabeth Lake*

Lori V. Berke, Esq.
Jody C. Corbett, Esq.
Berke Law Firm, PLLC
1601 N. 7th St., Suite 360
Phoenix, AZ 85006
*Attorneys for City Defendants*

 /s/ ALG