Lori V. Berke (#015628)
Jody C. Corbett (#019718)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
Phone: (602) 254-8800
Fax: (602) 254-8808
lori@berkelawfirm.com
jody@berkelawfirm.com
Attorneys for Defendants City of Phoenix,
    Chief Jeri Williams, Retired Chief Joseph
    Yahner, and Anthony Armour

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Salazar, individually,<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, et al.,<br><br>Defendants. | Case No. 2:19-cv-01188-PHX-SRB (ESW)<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL WITNESS RODNEY MCCULLOUGH TO APPEAR FOR CONTINUED DEPOSITION** |

Defendants City of Phoenix, Chief Jeri Williams, Retired Chief Joseph Yahner, and Retired Officer Anthony Armour ("City Defendants"), through undersigned counsel, file their Reply in support of their Motion to Compel witness Rodney McCullough to appear for his continued deposition. The City Defendants also request an extension of the deadline to complete Mr. McCullough's deposition.

## I. PLAINTIFF HAS WAIVED ANY OBJECTION TO MR. MCCULLOUGH'S DEPOSITION BEING COMPLETED.

Plaintiff argues that Mr. McCullough's continued deposition should not be compelled because Mr. McCullough's deposition testimony is not relevant. Plaintiff's Response is the first time she has raised this objection, even though she had numerous opportunities to do so.

A party who fails to make a timely objection to discovery waives her objection. O. L. v. City of El Monte, 2021 WL 926105, at *3 (C.D. Cal. Jan. 11, 2021); see also, Gee v. Gallardo, 2020 WL 2083018, at *2 (C.D. Cal. Mar. 5, 2020) ("Generally, when a party fails to timely and properly object to a discovery request, such objections are waived."). Undersigned counsel first advised Plaintiff's counsel that the City Defendants intended to take Mr. McCullough's deposition when the parties were discussing dates for depositions in mid-September. Then, because Mr. McCullough is incarcerated, the City Defendants drafted a Joint Motion for Leave to take Mr. McCullough's deposition and Proposed Order and forwarded them to all other counsel for review and approval on September 27, 2021. (See E-mails between counsel on September 27-28, 2021, attached hereto as Exhibit 3). Plaintiff's counsel responded that "Plaintiff does not oppose the motion, but will not sign." (See Exhibit 3). All of the Defendants then filed the motion only on behalf of Defendants and advised the Court with Plaintiff's permission that Plaintiff did not oppose it. (Doc. 155). The Court granted the motion. (Doc. 158). The City Defendants then noticed Mr. McCullough's deposition. (Doc. 165). At no time did Plaintiff move for a protective order pursuant to Fed. R. Civ. P. 26(c) or raise any objection seeking to prevent the deposition or limit it in any way. The deposition then went forward as scheduled on October 14, 2021. (Doc. 173, Exhibit 1). Because Plaintiff did not object to Mr. McCullough's deposition prior to its commencement (and only did so after she learned that some of his testimony was contrary to hers and that it is possible he, like Antonio Harris, will testify that Plaintiff asked him to lie for her at her criminal trial), she has waived her objection to the deposition being completed.

II.     **MR. MCCULLOUGH'S TESTIMONY IS RELEVANT.**

Even absent Plaintiff's clear waiver, she has not demonstrated that Mr. McCullough's testimony lacks relevance. The City Defendants are entitled to conduct discovery of any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

2

proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). District courts in the Ninth Circuit have ruled that relevance under Rule 26(b)(1) is defined broadly. See Snipes v. United States, 334 F.R.D. 548, 550 (N.D. Cal. 2020); V5 Techs. v. Switch, Ltd., 334 F.R.D. 306, 309 (D. Nev. 2019), aff'd sub nom. V5 Techs., LLC v. Switch, LTD., 2020 WL 1042515 (D. Nev. Mar. 3, 2020) (noting that relevance for discovery purposes remains broad even after the 2015 amendments of the Federal Rules of Civil Procedure). Moreover, Rule 26 itself states, "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Duran v. Cisco Sys., Inc., 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted). District courts have broad discretion in determining relevancy for discovery purposes. Mfg. Automation & Software Sys., Inc. v. Hughes, 2017 WL 5641120, at *3 (C.D. Cal. Sept. 21, 2017), citing Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005). Therefore, this Court has broad discretion to allow discovery of evidence that may or may not ultimately be admissible at trial.

Plaintiff's guilt of the underlying crimes for which she was prosecuted is relevant to her claim that she was damaged. Mr. McCullough's testimony is also relevant to Plaintiff's credibility. It should be noted that in her Response, Plaintiff cites only the Federal Rules of Evidence regarding relevance and character and impeachment evidence as it relates to admissibility at trial, not the discovery rules. She has failed to provide the Court with any authority demonstrating that such evidence is not discoverable. It is the City Defendants' position that Mr. McCullough's testimony is both discoverable and admissible, but admissibility will be addressed at a later time.

Plaintiff also overlooks the fact that Mr. McCullough's[1] testimony regarding the facts of what occurred during the traffic stop conducted by Defendant Armour are relevant to the

---

[1] Plaintiff also references Mr. Harris' deposition testimony in her Response, but his is not at issue in this Motion. The City Defendants provided some of Mr. Harris' testimony to the Court for context as to why Mr. McCullough may have chosen to state that he wanted to

3

City Defendants' defenses for more reasons that just 'impeachment" of Plaintiff's testimony. Plaintiff alleges in her Second Amended Complaint that Officer Armour put false statements in his police report and made false statements at a hearing and at trial about where he found the drugs and what Plaintiff told him about the drugs.  (Doc. 37, ¶¶ 42, 45-48, 59, 62).  Mr. McCullough's testimony about what occurred during the traffic stop may be admissible at trial to assist the jury in determining whether Plaintiff's contentions are credible and have any merit.  See Fed. R. Evid. 607 ("Any party . . . may attack the witness's credibility"); Roy v. Volkswagen of Am., Inc., 896 F.2d 1174, 1179 opinion amended on denial of reh'g, 920 F.2d 618 (9th Cir. 1990) ("[I]t is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses.").  Indeed, it is possible to contradict a witness's testimony to attack her credibility without "impeaching" the witness.  See United States v. Finis P. Ernest, Inc., 509 F.2d 1256, 1263 (7th Cir. 1975), citing United States v. Williamson, 424 F.2d 353, 355 (5th Cir. 1970) ("A witness' testimony may be contradicted without being impeached."); see also United States v. Opager, 589 F.2d 799, 803 (5th Cir. 1979) ("Rule 608(b) should not stand as a bar to the admission of evidence introduced to contradict, and which the jury might find disproves, a witness's testimony as to a material issue of the case").  In Finis P. Ernest, Inc., the court held that evidence introduced to contradict a witness's testimony can be admissible for purposes other than impeachment, namely to support a claim or a defense.  509 F.2d at 1263.  In this case, evidence of Plaintiff's guilt of the underlying drug crimes may be admissible at trial to refute the City Defendants' liability for any claimed constitutional violation.  For instance, there are factual disputes regarding whether a due process violation occurred in this case and whether the outcome of plaintiff's criminal trial would have been any different if the claimed Brady material had been disclosed earlier.[2]  Evidence of

---

consult a lawyer.  Therefore, the Court should not make any rulings regarding whether Mr. Harris' testimony is relevant in ruling on this Motion.

[2] The United States Supreme Court has held that there is never a real "Brady violation" unless the nondisclosure of Brady material was so serious that there is a reasonable probability that the undisclosed evidence would have produced a different verdict.  Strickler

4

Plaintiff's guilt will also be admissible at trial in support of the City Defendants' defense that Plaintiff was not damaged—specifically, that if Plaintiff was guilty of the drug crimes for which she was convicted as a result of her arrest by Defendant Armour, then she was not damaged by spending time in prison with or without the alleged Brady violation. See, e.g., Carter v. City of Philadelphia, 2000 WL 1016653, at *5 (E.D. Pa. July 12, 2000) ("the Court cannot help but agree that a person serving a life sentence for a murder they did commit, only to be released ten years later due to police misconduct, may actually feel more elation than distress. Indeed, . . . a factually guilty individual's distress at his own confinement may be attributable to the 'justified deprivation and not the deficient procedures that caused the justified deprivation'"). Therefore, Mr. McCullough's testimony on this issue is relevant.

Finally, contrary to Plaintiff's argument, the City Defendants do not intend to introduce Mr. McCullough's testimony at the trial in this case to impeach Plaintiff pursuant to Fed. R. Evid. 609, since her conviction stemming from her 2013 arrest was vacated. However, it is possible at trial that Mr. McCullough's testimony could be used pursuant to Fed. R. Evid. 608(b) as evidence of Plaintiff's character for truthfulness if it is "probative of the character for truthfulness or untruthfulness of . . . another witness whose character the

---

v. Greene, 527 U.S. 263, 281-282 (1999). Thus, to prevail at trial, Plaintiff will have to prove that the outcome of her criminal trial would have been different if the evidence regarding Officer Armour had been available to her. Even if the PSB report that Plaintiff alleges was improperly withheld Brady material had come into evidence at her criminal trial, only two of the five sustained allegations against Defendant Armour in the PSB report relate to Defendant Armour's character for truthfulness (providing false information verbally and in his report). The remaining sustained allegations (unlawful entry into an apartment, false arrest for hindering prosecution, and disobeying a supervisor's order) are not relevant to Plaintiff's criminal case and evidence about them most likely would have been deemed inadmissible during Plaintiff's criminal trial pursuant to Ariz. R. Evid. 403 and 404. She is also asking the Court to presume that if she had been able to impeach Defendant Armour with the PSB report, the prosecutor would have dismissed the charges or the jury in the criminal case would have found her not guilty. These facts also cannot be presumed by this Court because Defendant Armour would have had the opportunity at trial to testify that he disputes the PSB findings and why. The jury would then have had the opportunity to determine the credibility of the witnesses. Again, Plaintiff's argument that this case is only about whether Brady material was withheld is directly contradicted by her own allegations in the Second Amended Complaint and the elements of the claims she is asserting.

witness being cross-examined has testified about." The determination of admissibility under Fed. R. Evid. 608(b) cannot be made during a discovery motion, but must be made by the court at the time of trial based on what evidence and testimony has been presented at trial. See, e.g., McConnell v. Wal-Mart Stores, Inc., 995 F. Supp. 2d 1164, 1167 (D. Nev. 2014) (ruling that a determination of admissibility of evidence should be reserved until trial so the evidence can be considered in its proper context). Likewise, Mr. McCullough's testimony is admissible as evidence of an untruthful statement made by Plaintiff. Because the statement stems from the underlying incident, extrinsic evidence regarding the statement is admissible. See United States v. Castillo, 181 F.3d 1129, 1132–33 (9th Cir. 1999) (holding that "the concept of impeachment by contradiction permits courts to admit extrinsic evidence that specific testimony is false, because [it is] contradicted by other evidence").

Therefore, Plaintiff's argument that Mr. McCullough's testimony is not relevant and discoverable because it would not later be admissible at trial lacks merit and is not a proper basis for the Court to deny the City Defendants' Motion to Compel.

### III. **THIS COURT HAS NEVER RULED THAT DISCOVERY CANNOT BE CONDUCTED REGARDING PLAINTIFF'S GUILT FOR THE UNDERLYING CRIME OR REGARDING HER CREDIBILITY.**

Yet again, in her Response, Plaintiff Frances Salazar ("Plaintiff") misconstrues the Court's prior rulings in this case. While the Court did deny the City Defendants' Motion for Leave to Amend their Answer, the Court has **never** ruled that the City Defendants will not be permitted to present evidence at the trial regarding Plaintiff's guilt for the underlying crime in defending against Plaintiff's claim that she was damaged. Indeed, the Court denied Plaintiff's Motion in Limine on that issue as premature. (Doc. 132).

Moreover, as set forth above, Plaintiff did not object to Mr. McCullough's deposition being taken in the first instance, and thus she has waived any argument that Defendants are somehow prohibited from completing the deposition they began of him without any objection by Plaintiff. There has also never been an Order issued by this Court to limit discovery of evidence regarding Plaintiff's guilt for the underlying crime or Plaintiff's credibility and the

City Defendants are entitled to complete Mr. McCullough's deposition to explore those issues.

### IV. THE ARIZONA ETHICAL RULES DID NOT REQUIRE UNDERSIGNED COUNSEL TO ADVISE MR. MCCULLOUGH TO CONSULT A LAWYER.

Contrary to Plaintiff's argument, ER 4.3 of the Arizona Rules of Professional Conduct does not impose on attorneys an affirmative duty to advise a deponent to consult an attorney during a deposition if a deponent becomes hesitant about answering questions. Regardless, Mr. McCullough recognized on his own that the parties' interests were adverse to his and stated, "I don't want to answer it. It seems like right now I probably need an attorney." (Doc.173, Exhibit 1, p. 31). ER 4.3 provides that the **only** legal advice a lawyer is permitted to provide to an unrepresented person is "advice to secure counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client." In other words, if the lawyer is giving a non-client advice, the only advice she can give is to consult counsel. At least one court has ruled that a lawyer did not violate the ethical rules when it did not advise witnesses during an interview and deposition that they should get a lawyer. In re Banco Santos, S.A., 2014 WL 5655025, at *10–11 (Bankr. S.D. Fla. Nov. 3, 2014). In that case the court explained that it could find no authority holding that ER 4.3[3] imposes on attorneys an affirmative obligation to advise deponents to retain a lawyer:

> Rule 4–4.3 is an adoption of the ABA Model Rule and has been adopted in many other states. *See* MODEL RULES OF PROF'L CONDUCT R. 4.3. There are hundreds of cases around the country that discuss this Rule. Presumably if any court interpreted this Rule as an affirmative obligation to advise an unrepresented person of his or her right to counsel, ESB would have brought such a case to my attention. Moreover, my review of several cases failed to uncover any court that addressed this portion of the Rule, let alone held that such an obligation exists. *See, e.g., Suck v. Sullivan,* 1999 WL 33437564, at *2 (Mich.Ct.App. Aug. 27, 1999) ("MRPC 4.3 does not impose a duty on an attorney to recommend that a person who is not represented by counsel confer with an attorney under any circumstances.") AD correctly points out, this is not

---

[3] The court in In re Banco Santos, S.A. was addressing Florida's ER 4.3, but the relevant language in that rule is identical to Arizona's ER 4.3.

7

a criminal proceeding and AD is not the government. ESB has not cited to any authority—because none exists—that AD had any obligation whatsoever to advise Lloreda or Medina as it suggests.

In this case, Mr. McCullough clearly understood that his testimony at the deposition was different than statements he previously made. The City Defendants' counsel had no obligation to stop the deposition and advise Mr. McCullough that he could be committing criminal perjury, as Plaintiff suggests the City Defendants' counsel was required to do. Mr. McCullough requested that he have the chance to consult an attorney and the City Defendants' counsel agreed that he be given time to do so.

**V.     PLAINTIFF FAILS TO DEMONSTRATE THAT THE COURT SHOULD APPOINT AN ATTORNEY FOR MR. MCCULLOUGH.**

Without citing any authority, Plaintiff argues that if the Court grants the Motion, the Court should appoint Mr. McCullough an attorney. First, Mr. McCullough was mailed a copy of the Motion on October 18, 2021. He has not reached out to the City Defendants' counsel or filed anything in the Court requesting that he be appointed an attorney because he has been unable to consult one on his own. Indeed, he advised counsel at his deposition that he "can call his mom and tell her about it. I can get an attorney." (Doc. 173, Exhibit 1, p. 32). Because Mr. McCullough has not asked the Court for any assistance in obtaining an attorney, there is no legal basis for the Court to appoint counsel for Mr. McCullough. Further, he has had over a month to consult an attorney. Therefore, there is no basis for the Court to appoint an attorney to represent Mr. McCullough.

**VI.    REQUEST TO EXTEND FACT DISCOVERY DEADLINE TO COMPLETE MR. MCCULLOUGH'S DEPOSITION.**

The current deadline to complete discovery in this case, including Mr. McCullough's continued deposition is Friday, November 19, 2021, which is in four days. In their Motion, the City Defendants had requested expedited ruling, but Plaintiff then requested a one-week extension in addition to the two weeks she already had under the Federal Rules of Civil Procedure to file her Response and the Court granted that request. (Docs. 186, 187). Since the briefing is just now complete, even if the Court rules on the Motion this week, there will

8

not be sufficient time to coordinate the schedules of the attorneys and coordinate with the prison to complete the deposition by this Friday. Therefore, the City Defendants also request that the Court extend the deadline for fact discovery for the sole purpose that the parties be able to complete Mr. McCullough's deposition to fourteen days after the Court rules on this Motion. A revised Proposed Order reflecting this request is attached hereto.

## VII. CONCLUSION.

For the reasons set forth their Motion and above, the City Defendants respectfully request that the Court issue an Order compelling Mr. McCullough to appear for his continued deposition. The City Defendants also respectfully request that the Court extend the deadline to complete discovery for the sole purpose that the parties be able to complete Mr. McCullough's deposition to fourteen days after the Court rules on this Motion.

DATED this 15th day of November, 2021.

BERKE LAW FIRM, PLLC

By   s/ Jody C. Corbett
    Lori V. Berke
    Jody C. Corbett
    Attorneys for Defendants City of Phoenix,
       Chief Jeri Williams, Retired Chief Joseph
       Yahner and Anthony Armour

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Benjamin L. Rundall
Abbie Godles
rundall@honorlawgroup.com
godles@honorlawgroup.com

Maxine S. Mak
Angela Lane
makm@mcao.maricopa.gov
lanea01@mcao.maricopa.gov

I further certify that on November 16, 2021, a copy of the foregoing was mailed to:

Rodney McCullough, Inmate #177542
ASPC-Lewis – Bachman Unit
PO Box 70
Buckeye, Arizona  85326

By:   s/ Jody C. Corbett