WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frances Salazar, | No. CV-19-01188-PHX-SRB (ESW) |
| Plaintiff, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendants. | |

    The Court has reviewed City Defendants'[1] "Motion to Compel Scripps Media, Inc. to Respond to Subpoena" (Doc. 163), Scripps Media, Inc.'s ("Scripps") Response (Doc. 177), City Defendants' Reply (Doc. 183), and Scripps' Sur-Reply (Doc. 190). City Defendants seek copies of ABC15's unedited video and audio recordings of interviews of Plaintiff and two of her attorneys that ABC15 conducted in connection with investigative news reports.

    Journalists have a qualified privilege against compelled disclosure of information and records gathered in the course of their reporting. The seminal Ninth Circuit cases on the issue of the federal journalist's privilege are *Shoen v. Shoen*, 5 F.3d 1289 (9th Cir.

---

[1] City Defendants include Defendants City of Phoenix, Jeri Williams, Joseph Yahner, and Anthony Armour.

1993) ("*Schoen I*") and *Shoen v. Shoen*, 48 F.3d 412 (9th Cir. 1995) ("*Shoen II*"). In *Shoen I*, the Ninth Circuit explained:

> Rooted in the First Amendment, the privilege is a recognition that society's interest in protecting the integrity of the newsgathering process, and in ensuring the free flow of information to the public, is an interest "'of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice.'" *Herbert v. Lando*, 441 U.S. 153, 183, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) (Brennan, J., dissenting) (quoting *McCormick on Evidence 152* (2d ed. 1972)).

*Shoen I*, 5 F.2d at 1292. The journalist's privilege is qualified and not absolute. "[T]he process of deciding whether the privilege is overcome requires that 'the claimed First Amendment privilege and the opposing need for disclosure be judicially weighed in light of the surrounding facts, and a balance struck to determine where lies the paramount interest.'" *Id.* at 1292-93 (quoting *Farr*, 522 F.2d at 468). The Ninth Circuit in *Shoen II* held that

> [W]here information sought is not confidential, a civil litigant is entitled to requested discovery notwithstanding a valid assertion of the journalist's privilege by a nonparty only upon a showing that the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case. We note that there must be a showing of actual relevance; a showing of potential relevance will not suffice.

*Shoen II*, 48 F.3d at 416.

After reviewing City Defendants and Scripps' briefing, the Court finds that City Defendants have not satisfied the requirements necessary to overcome the journalist's privilege.

Accordingly,

**IT IS ORDERED** denying City Defendants' "Motion to Compel Scripps Media, Inc. to Respond to Subpoena" (Doc. 163).

**IT IS FURTHER ORDERED** denying Scripps' request for attorneys' fees.[2]

Dated this 18th day of November, 2021.

_____
Honorable Eileen S. Willett
United States Magistrate Judge

---

[2] The Court will not order sanctions "when it finds that a position was substantially justified in that the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *Roberts v. Clark County School District*, 312 F.R.D. 594, 609 (D. Nev. 2016); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (stating that "the test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was substantially justified. To our knowledge, that has never been described as meaning justified to a high degree, but rather has been said to be satisfied if there is a genuine dispute, or if reasonable people could differ" as to the appropriateness of the contested action).